## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT WILHELM,<br><br>                          Plaintiff,<br><br>         v.<br><br>PHENOMEX, INC., GREG LUCIER, JESSICA HOPFIELD, ELIZABETH NELSON, MICHAEL MORITZ, IGOR KHANDROS, JOHN CHIMINSKI, PETER SILVESTER, and SIDDHARTHA KADIA,<br><br>                          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.

**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

JURY TRIAL DEMANDED

Plaintiff Robert Wilhelm ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.     Plaintiff brings this action against PhenomeX, Inc. ("PhenomeX" or the "Company") and its corporate directors for violating Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the proposed acquisition of the Company by Bruker Corporation. (Bruker").[1]

2.     On August 17, 2023, PhenomeX entered into an Agreement and Plan of Merger

---

[1] This proposed acquisition of the Company described will be referred to herein as the "Proposed Transaction."

("Merger Agreement") with Bruker and Bird Mergersub Corporation ("Purchaser"). The Merger Agreement provides that Bruker will acquire PhenomeX in exchange for $1.00 in cash per share of PhenomeX common stock, via a tender offer (the "Tender Offer").[2]

3.      The Company's corporate directors subsequently authorized the August 31, 2023, filing of a materially incomplete and misleading 14D-9 Solicitation/Recommendation Statement (the "Solicitation Statement") with the SEC. The Solicitation Statement, which recommends that Company stockholders tender their shares in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Solicitation Statement in violation of the Exchange Act.

4.      It is imperative that the material information omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the forthcoming Tender Offer deadline, so that they can properly exercise their rights, among other things.[3]

5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d), 14(e) and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder pursuant

---

[2] Purchaser commenced the Tender Offer on August 31, 2023.

[3] The Tender Offer is currently scheduled to expire at one minute past 11:59 p.m., New York City time, on September 28, 2023.

to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.      This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## **THE PARTIES**

9.      Plaintiff is, and has been at all times relevant hereto, the owner of shares of PhenomeX common stock.

10.     Defendant PhenomeX is a Delaware corporation with its principal executive offices located at 5858 Horton Street, Suite 320, Emeryville, California, 94608.  PhenomeX's shares trade on the Nasdaq Global Select Market under the ticker symbol "CELL."  PhenomeX is a functional cell biology company that allows scientists to reveal insights on cell function and obtain behavior of each cell.  The Company's suite of tools and services offer unparalleled resolution and speed, accelerating the insights for advancing discoveries that can profoundly improve the prevention and treatment of disease.  PhenomeX's platforms are used by researchers worldwide, including pharmaceutical companies and comprehensive cancer centers.

11.     Defendant Greg Lucier is and has been Chairperson of the Board and a director of the Company at all times relevant hereto.

12.     Defendant Jessica Hopfield is and has been a director of the Company at all times relevant hereto.

13.     Defendant Elizabeth Nelson is and has been a director of the Company at all times relevant hereto.

14.     Defendant Michael Moritz is and has been a director of the Company at all times relevant hereto.

15.     Defendant Igor Khandros is and has been a director of the Company at all times relevant hereto.

16.     Defendant John Chiminski is and has been a director of the Company at all times relevant hereto.

17.     Defendant Peter Silvester is and has been a director of the Company at all times relevant hereto.

18.     Defendant Siddhartha Kadia is and has been Chief Executive Officer and a director of the Company at all times relevant hereto.

19.     Defendants identified in paragraphs 11-18 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### The Proposed Transaction

20.     On August 17, 2023, Bruker and PhenomeX jointly announced in relevant part:

BILLERICA, Mass. & EMERYVILLE, Calif. -- (BUSINESS WIRE) -- Bruker Corporation (Nasdaq: BRKR) and PhenomeX Inc. (Nasdaq: CELL) today announced that they have signed a definitive agreement for Bruker to acquire PhenomeX for $1.00 per share in an all-cash transaction.  The proposed acquisition values PhenomeX at a total equity value of approximately $108 million. PhenomeX is a functional cell biology company that provides single-cell biology research tools to deliver deep insights into cellular function and new perspectives on phenomes and genotype-to-phenotype linkages.

PhenomeX was formed in early 2023 through the combination of Berkeley Lights and IsoPlexis, and PhenomeX currently has an installed base of more than 400 instruments.  PhenomeX provides single-cell biology workflows with instruments,

software and molecular biology reagents.  The PhenomeX products include the key *Beacon*® Optofluidic platform, as well as the *IsoLight*® and *IsoSpark*® proteomics barcoding platform.  The *Beacon* Optofluidic system enables researchers to accelerate biologics product development by functional characterization of tens of thousands of single cells in parallel, while maintaining the cells in a healthy state for further genomic and proteomic profiling, connecting phenotype with genotype and other multiomic information.  The Protein Barcoding Suite includes the *IsoLight*® and *IsoSpark*® instruments, which automate multiplexed measurements of the extracellular proteome and of the intracellular proteome of single cells for translational research.

Dr. Mark R. Munch, President of the Bruker NANO Group, commented: "The unique single-cell analysis platforms of PhenomeX are enabling researchers to more rapidly and precisely unlock new insights in functional cell biology research leading to important discoveries across the large and rapidly growing markets of antibody therapeutics, cell line development, cell therapy and gene therapy.  This acquisition will mark Bruker's entry into single-cell biology research tools, which complements Bruker's emerging spatial biology business - in support of our transformational *Project Accelerate 2.0* strategy."

"This is an important next step for PhenomeX as we bring together two companies passionate about innovating for our customers to support human health," said Siddhartha Kadia, PhD, Chief Executive Officer and Director of PhenomeX.  "By joining forces with Bruker, a respected and innovative global leader in life science research tools, we will not only enhance PhenomeX's differentiated, high-value technologies but also our customers' abilities to discover novel antibodies and accelerate development and manufacturing of cell and gene therapies.  I am very proud of the PhenomeX team, and excited to work with our new colleagues at Bruker as we enter our next phase of growth."

For Bruker, Perella Weinberg Partners acted as financial advisor and Morgan Lewis as legal advisor.  For PhenomeX, William Blair & Company, L.L.C. acted as financial advisor and Freshfields Bruckhaus Deringer LLP as legal advisor.

**Terms of the Agreement**

Bruker will commence a tender offer to acquire all outstanding shares of PhenomeX for a purchase price of $1.00 per share in cash, for a total equity value of approximately $108 million.  The transaction is not subject to any financing conditions and is expected to close in the fourth quarter of 2023, subject to customary closing conditions.  After the tender offer closes, PhenomeX will merge into a wholly owned subsidiary of Bruker, and any shares of PhenomeX that were not tendered in the tender offer will be converted into the right to receive the same per-share consideration as paid in the tender offer.

**The Materially Incomplete and Misleading Solicitation Statement**

21.     The Board caused to be filed the materially incomplete and misleading Solicitation Statement with the SEC on August 31, 2023.  The Solicitation Statement, which recommends that PhenomeX stockholders tender their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the Company's financial forecasts; (b) the financial analyses that support the fairness opinion provided by the Company's financial advisor, William Blair & Company, L.L.C. ("William Blair") and (c) potential conflicts of interest faced by William Blair and Company insiders.

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts*

22.     The Solicitation Statement fails to disclose material information concerning the financial projections for the Company, including the "Sensitivities" prepared by Company management and relied upon by William Blair.[4]

23.     The Solicitation Statement similarly fails to disclose management's "preliminary financials forecast" of the Company that William Blair relied upon in connection with the financial analysis it reviewed at a June 22, 2023, Board meeting, or the changes made to the "preliminary financials forecast" to arrive at the "Financial Forecasts" provided to William Blair for use in connection with its fairness opinion.[5]

24.     The Solicitation Statement further fails to disclose the line items underlying the Company's forecasted: (a) Adjusted EBITDA; (b) Net Operating Profit after Tax; and (c)

---

[4] *See* Solicitation Statement at 31-32, stating that William Blair "examined . . . certain internal business, operating and financial information and the Financial Forecasts (as defined below), prepared by the Company's senior management and provided to William Blair on June 20, 2023, and sensitivities approved by the Company relating thereto (the 'Sensitivities')[.]"
[5] *See id.* at 16.

Unlevered Free Cash Flow.

***Material Misrepresentations and/or Omissions Concerning William Blair's Financial Analyses***

25.     The Solicitation Statement fails to disclose material information concerning William Blair's financial analyses.

26.     With respect to the *Discounted Cash Flow Analysis* performed by William Blair, the Solicitation Statement fails to disclose: (a) the Company's terminal values; (b) the Company's net cash as of June 30, 2023; and (c) the Company's fully diluted outstanding shares.

27.     With respect to the *Selected Public Companies Analysis* and *Selected Precedent Transactions Analysis* performed by William Blair, the Solicitation Statement fails to disclose the respective individual financial metrics for each of the companies and transactions analyzed by the financial advisor.

***Material Misrepresentations and/or Omissions Concerning William Blair's and Company Insiders' Potential Conflicts of Interest***

28.     The Solicitation Statement fails to disclose material information concerning potential conflicts of interest faced by William Blair, including the details of any services William Blair provided to the Company, Bruker, or their respective affiliates in the prior two years, and any related compensation received by William Blair.

29.     The Solicitation Statement also fails to disclose material information concerning Company insiders' potential conflicts of interest, including whether any of Bruker's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

30.     The omission of the above-referenced information renders statements in the "Certain Company Forecasts," "Opinion of the Company's Financial Advisor," and "Background of the Merger" sections of the Recommendation Statement materially incomplete and misleading

in contravention of the Exchange Act.

31.     Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other stockholders of PhenomeX will be unable to make a sufficiently informed decision in connection with the Tender Offer and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims Against All Defendants for Violations of Section 14(d) of the
Exchange Act and SEC Rule 14d-9 Promulgated Thereunder**

32.     Plaintiff repeats all previous allegations as if set forth in full.

33.     Defendants have caused the Solicitation Statement to be issued with the intention of soliciting PhenomeX stockholders to tender their shares in the Tender Offer.

34.     Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

35.     Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

36.     SEC Rule 14d-9 sets forth, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

37.     Item 8 of Schedule 14D-9 requires a company's directors to "[f]urnish such additional material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

38.     The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Solicitation Statement false and/or misleading.

39.     Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading.  Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

40.     The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and the other stockholders of PhenomeX, who will be deprived of their right to make an informed decision whether to tender their shares if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.  Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## <u>COUNT II</u>

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

41.     Plaintiff repeats all previous allegations as if set forth in full.

42.     Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation." 15 U.S.C. § 78n(e).

43.     Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement to PhenomeX stockholders in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading.  Specifically, the Solicitation Statement misrepresented and/or omitted material facts concerning the financial projections for the Company, William Blair's financial analyses, and potential conflicts of interest faced by William Blair and Company insiders.

44.     Defendants knew that Plaintiff would rely upon their statements in the Solicitation Statement in determining whether to tender his shares pursuant to the Tender Offer.

45.     As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares.

## COUNT III

### Claims Against the Individual Defendants for Violations
### of Section 20(a) of the Exchange Act

46.     Plaintiff repeats all previous allegations as if set forth in full.

47.     The Individual Defendants acted as controlling persons of PhenomeX within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of PhenomeX, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

48.    Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

49.    In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.   The Solicitation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.   They were, thus, directly involved in the making of the Solicitation Statement.

50.    In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.   The Solicitation Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

51.    By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

52.    As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e), Section 14(d) and SEC Rule 14d-9, promulgated thereunder, by their acts and omissions as alleged herein.   By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.   As a direct and proximate result of defendants' conduct, PhenomeX stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.      Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated September 7, 2023                                    **LONG LAW, LLC**

By:  */s/ Brian D. Long*
_____
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@LongLawDE.com

*Attorneys for Plaintiff*